## Ottenheimer v. R. Mansfield & Son.

(Decided May 31, 1927.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1.  Landlord and Tenant.—In action by landlord against former tenant for loss caused by failure promptly to restore to former condition floors which he had lowered with permission, whether tenant was notified to restore floors to former condition held for jury, where lease expressly provided that tenant should restore condition, if required by landlord, and testimony conflicted as to whether such requirement was made.

2.  Landlord and Tenant.—In action by landlord against former tenant for alleged loss, caused by failure promptly to restore to former condition floors altered with permission, verdict for defendant held not palpably against evidence.

3.  Appeal and Error.—Plaintiff, who failed to ask any other instructions than those given by the court, cannot complain in the Court of Appeals that the whole law of the case was not given.

JOSEPH SOLINGER and ALEX H. VEENEMAN for appellant.

BEN WASHER for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Mrs. Laura Ottenheimer leased to R. Mansfield & Son certain property on East Market street in Louisville for a term beginning August 1, 1919, and ending January 31, 1922. The property consisted of a storeroom and back of it certain other rooms, which the previous tenant had used as a dwelling. Mansfield & Son wished to use the whole floor as a display room. The back rooms were built on a different level from the front, and to use them as Mansfield & Son wished to do it would be necessary to lower the floor to the level of the storeroom. So the following provisions were inserted in the written contract:

"Second party shall have the privilege to lower the floors in the rear of the said storeroom, so as to

make the same level with the floor in the front part. They may also widen the present doorway into the rooms in the rear of the main storeroom, so as to make the same about two feet wider, provided, in the opinion of the architect, such change can be made without injuring the safety of the building.

"Said work is to be done under the supervision of Joseph & Joseph, architects, Louisville, Ky., and second party is to pay the cost of such changes, including architect fees.

"At the termination of the lease second party will, if first party requires the same, restore the building to the same condition in which it was before such changes were made, both as to the changes above set forth, and also replace the sidewalk curbing, and the sidewalk itself where the same has been changed by second party for a driveway into the said structure."

Mansfield & Son took possession. They lowered the floors of the back room as provided by the contract and held possession until the end of their term. When the term ended, by agreement of the parties, they continued to hold the property from month to month, until in July Mrs. Ottenheimer proposed to raise the rent. They refused to pay the additional rent and delivered possession to her on July 31, 1922. This action was brought by her September 5, 1925, charging in substance in her petition that Mansfield & Son had failed to restore the premises to the condition they were in at the beginning of their term, and by reason of this she had lost rent to the amount of $455, and had suffered loss in the sum of $300, damages by reason of the condition in which the defendants had left the property. The allegations of the petition were denied. The jury to whom the case was submitted returned a verdict for the defendant. The plaintiff appeals.

It will be observed that the language of the contract is:

"At the termination of the lease second party will, if first party requires the same, restore the building to the same condition," etc.

In other words, the contract did not require Mansfield & Son to make any change in the building when they left it, unless the lessor required same. The court by his instructions submitted this question to the jury. It is

earnestly insisted that the court erred in this. Mrs. Ottenheimer's son, who acted for her, testifies that he did tell Mansfield & Son to restore the property to its former condition. On the other hand, the president of that company, who had the dealing with Mr. Ottenheimer, unequivocally states that he said he did not know whether the next tenant would want to use the property as they had it, or would want to use the back rooms as a residence, and that things went on without any change being made for some time, because Ottenheimer was waiting to see whether he wanted the change made or not. The president also testifies positively that the whole delay in making the change was due to this, and that he did not receive any direction to restore the condition, but finally did go to work and restore the condition, without any positive direction from Ottenheimer. The testimony of the two witnesses clearly made this a question for the jury in view of the terms of the contract under which Mansfeld & Son were to make no change when they left, unless required by the lessor.

The verdict of the jury is plainly not palpably against the evidence. There is no serious complaint of any of the other instructions and on the whole case the verdict can not be disturbed. The instructions of the court to the jury clearly submitted to them the question whether the lessee had restored the property to the condition it was in when the lease was made, and directed them to find for the lessor the reasonable cost of doing this, if the lessee had failed to do so. The jury could not reasonably have misunderstood the instructions taken as a whole.

The plaintiff did not ask on the trial any other instructions than those given by the court, and cannot here complain that the whole law of the case was not given. If the matter suggested by counsel had been submitted to the jury, it would not have affected the result. The weight of the evidence showed that the property was in better condition after the lessee restored the floor of the back rooms to their former level than it was when the lease was made, and that the delay in doing this was due to the failure of the lessor sooner to require it to be done.

Judgment affirmed.